RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from that portion of the majority disposition reversing the district court’s summary dismissal of the habeas petition filed by Richard E. Shreves. Although Petitioner alleged that his lawyer failed to investigate whether Petitioner was taking medications and/or the effects of those medications, there is no allegation that Petitioner was incompetent or that there was a reasonable probability that an investigation by Petitioner’s counsel would have affected the outcome of his proceedings. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982) (noting that liberal interpretation of a pro se complaint “may not supply essential elements of the claim that were not initially pled”); see also Turner v. Calderon, 281 F.3d 851, 873 (9th Cir.2002) (describing the elements of ineffective assistance of counsel as including a probable effect on the outcome of the proceedings).
The reversal based on the district court’s failure to sua sponte examine Shreves’ competency is even more indefensible. Nothing in the complaint even remotely suggests that the judge was alerted to a potential issue of competency. We are not de facto counsel for habeas petitioners and should not manufacture causes of action where none have been legally pled. For that reason, I respectfully dissent.